# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA,<br><br>Plaintiffs,<br><br>v.<br><br>NEVADA READY MIX CORPORATION, a Delaware Corporation,<br><br>Defendant. | 2:10-cv-1354-LDG-PAL<br><br>**ORDER** |

The Trustees of the Teamsters Local 631 Security Fund for Southern Nevada ("Fund") brought this action alleging that Nevada Ready Mix Corporation ("NRM") failed to contribute certain funds required under a labor agreement between Teamsters Local 631 and NRM. On September 2, 2010, NRM filed a motion to stay or dismiss this action pending arbitration scheduled for October 11, 2010 (#6). The Fund opposed NRM's motion arguing that the Fund is not a party to the arbitration agreement, that the arbitration does not concern the primary issue in this action, and that any potential arbitration outcome will not bind the court or the Fund (#8). On October 21, 2010, NRM filed a reply that simply requested the court to stay this matter for 30 days because "Defendant is continuing to pursue settlement negotiations and believes settlement of this case will be accomplished." Def.'s Reply 1:19-22, ECM No. 15. Such time having elapsed, the purpose of NRM's motion is now apparently moot. Therefore, the court denies NRM's motion.

NRM has also filed a motion for settlement conference (#17, opposition #18, reply #19). "A court may, in its discretion and at any time, set any appropriate civil case for settlement conference . . . ." LR 16-5. NRM urges this court to "schedule a settlement conference in this matter as soon as possible" due to a time sensitive liquidated damages clause. Def.'s Mot. for Settlement Conference 2:5-7, ECF No. 17. The Fund, however, argues that such a conference is premature because discovery has just begun and because the Fund intends to conduct discovery on NRM's potential defenses prior to accepting any settlement. The parties have previously discussed settlement, and NRM recently tendered payment on some of the Fund's demands. Def.'s Reply to Pl.'s Opp. 1:19-23, ECF No. 17. While the court encourages both parties cultivate these settlement interests, the court fails to see the necessity of scheduling a settlement conference at this time. Accordingly,

THE COURT HEREBY ORDERS that Defendant's motion to stay or dismiss (#6) is DENIED.

THE COURT FURTHER ORDERS that Defendant's motion for settlement conference (#17) is DENIED without prejudice.

DATED this 3 day of December, 2010.

_____
Lloyd D. George
United States District Judge