# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND OF SOUTHERN NEVADA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEVADA READY MIX CORPORATION, a Delaware Corporation,<br><br>　　　　Defendant. | Case No. 2:10-cv-01354-LDG-PAL<br><br>**ORDER** |

　　　　The Trustees of the Teamsters Local 631 Security Fund for Southern Nevada ("Fund") brought this action alleging that Nevada Ready Mix Corporation ("NRM") is delinquent in making contributions required under a labor agreement between International Brotherhood of Teamsters Local 631 and NRM. NRM has now filed a motion to dismiss (#33, opposition #39, reply #41). As a basis for dismissal, NRM argues that the current dispute has been resolved through arbitration. *See* Def.'s Mot. to Dismiss 3, ECF No. 33. This argument lacks merit. The Fund does not oppose the arbitrator's decision, but seeks to recover delinquent contributions consistent with the arbitrator's decision. *See* Pl.'s Opp. to Def.'s Mot. to Dismiss 1, 4, ECF No. 39. Further, this argument contradicts Defendant's opposition to Plaintiffs' motion for summary judgment. *See* Def.'s Resp. to Pl.'s Mot. Summ. J. 1, ECF No. 40 (arguing summary judgment is inappropriate due to disputed material issues of fact and mixed issues of fact and law). Accordingly, the court denies NRM's motion to dismiss.

　　　　In the alternative, NRM has moved this court to direct the parties to a settlement conference. "A court may, in its discretion and at any time, set any appropriate civil case for settlement conference . . . ." LR 16-5. The Fund opposed NRM's motion arguing that "NRM has

not manifested an intention to settle upon reasonable or just terms." Pl.'s Opp. to Def.'s Mot. to Dismiss 5, ECF No. 39. This argument focuses on preconditions to settlement discussions previously imposed by NRM. *Id*. at 4. NRM's current motion does not present preconditions. Further, it appears that NRM and the Fund agree that the arbitrator's decision should be enforced and that enforcement will resolve most of the issues before the court. *See id*. at 2 ("The Fund accepts the outcome of the arbitration and simply asks the court to apply it."); Def.'s Mot. to Dismiss 3, ECF No. 33 (stating the primary issue has been established and is governed by the arbitrator's award); *see also* Pl.'s Mot. Summ. J. 9-10, 13, ECF No. 30 (alleging three categories of delinquent contributions); Def.'s Resp. to Pl.'s Mot. Summ. J. 4, ECF No. 40 (apparently contesting only the third category of delinquent contributions). Accordingly, the court grants NRM's motion to direct the parties to a settlement conference to resolve most, if not all, of the issues currently before the court.

For the reasons stated herein,

THE COURT HEREBY ORDERS that Defendant's motion to dismiss (#33) is DENIED.

THE COURT FURTHER ORDERS that this matter is hereby referred for settlement conference.

DATED this 3 day of August, 2011.

_____
Lloyd D. George
United States District Judge